IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID MERRITT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-1734-GMS |
| | ) | |
| DAVID PIERCE, Warden | ) | |
| and ATTORNEY GENERAL OF | ) | |
| THE STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

## **MEMORANDUM**

**I.     BACKGROUND**

In 2010, a Delaware Superior Court jury convicted Petitioner David Merritt ("Merritt") on eight counts of first degree rape, one count of continuous sexual abuse of a child, and two counts of first degree unlawful sexual contact. The convictions stemmed from Merritt's sexual abuse of his older daughter. He was sentenced to a total of 127 years of imprisonment. The Delaware Supreme Court affirmed Merritt's convictions. *See Merritt v. State*, 2011 WL 285097 (Del. Jan. 27, 2011).

Merritt filed a Rule 61 motion in the Delaware Superior Court, which was denied. The Delaware Supreme Court affirmed that decision. *See Merritt v. State*, 77 A.3d 272 (Table), 2013 WL 5432824 (Del. Sept. 24, 2013). Thereafter, Merritt filed in this court a petition and an amended petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 ("petition"), challenging his 2010 convictions. (D.I. 2; D.I. 7; D.I. 8) The petition alleges three grounds for relief: insufficient evidence, ineffective assistance of trial counsel, and the unconstitutional denial of counsel during his Rule 61 proceedings in the Delaware state courts. The State filed an answer

to the petition, arguing that claim one should be denied as procedurally barred, claim two should be denied as meritless, and claim three should be denied for failing to assert an issue cognizable on federal habeas review. (D.I. 15 at 4)

Merritt filed a reply to the answer (D.I. 20), a supplemental reply (D.I. 23), and a second supplemental memorandum (D.I. 34). When granting Merritt's motion to file his second supplemental memorandum, the court informed Merritt that briefing was complete and it would not entertain any future amendments. (D.I. 33) Eighteen days later, on March 21, 2016, Merritt filed a motion for summary judgment, seeking issuance of the writ. (D.I. 36)

## II. DISCUSSION

Although not the standard practice, it appears that a party may technically file a motion for summary judgment in federal habeas proceeding. *See* Rule 12 of Rules Governing 2254 Cases, 28 U.S.C. foll. § 2254. Summary judgment will only be appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the initial burden of demonstrating that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The existence of a factual dispute will not preclude summary judgment when the dispute does not involve a material fact. *See Anderson*, 477 U.S. at 248.

The instant motion for summary judgment merely duplicates the arguments asserted in Merritt's habeas petition, supplementing his argument that there was insufficient evidence of penetration to support his rape convictions and his contention that the transcripts were

2

"fabricated." When viewed in context with the fact that Merritt filed the instant motion with eighteen days of being informed that the court would not consider any future supplements/amendments, the instant motion appears to be an effort to circumvent the court's notice that it would not entertain any further supplements/amendments. On this basis alone, the court is inclined to deny the motion.

In addition, the factual assertions in the State's answer contradict Merritt's argument that there was no basis for his rape convictions and his argument that defense counsel provided ineffective assistance.[1] These factual disputes are "genuine issues of material fact" since they go to the very essence of Merritt's arguments. As such, the court will deny the instant motion for summary judgment because the genuine issues of material fact preclude it from ruling in Merritt's favor at this juncture. The court will address the merits of the petition in due course.

### III. CONCLUSION

For the foregoing reasons, the court concludes that Merritt's motion for summary judgment should be denied because he is unable to demonstrate the absence of a genuine issue of material fact. An appropriate Order follows.

Dated: August 23, 2016

UNITED STATES DISTRICT JUDGE

---

[1] The State contends that the insufficient evidence claim is procedurally defaulted and therefore procedurally barred from federal habeas review. The genuine issues of material fact affect Merritt's ability to satisfy the miscarriage of justice exception to the procedural default doctrine as it applies to his insufficient evidence claim.

3