IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID MERRITT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-1734-CFC |
| | ) | |
| DANA METZGER, Warden and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | ) ) ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM

### I. INTRODUCTION

In 2010, a Delaware Superior Court jury convicted Petitioner David Merritt of eight counts of first degree rape, one count of continuous sexual abuse of a child, and two counts of first degree unlawful sexual contact. *See Merritt v. State*, 12 A.3d 1154 (Table), 2011 WL 285097, at *1-2 (Del. Jan. 27, 2011). The convictions stemmed from Petitioner's sexual abuse of his older daughter. He was sentenced to a total of 127 years of imprisonment. The Delaware Supreme Court affirmed Petitioner's convictions on direct appeal. *Id.* at *4.

Petitioner filed a § 2254 petition challenging his 2010 convictions, which the Honorable Gregory M. Sleet denied in March 2017. (D.I. 42; D.I. 43) The Memorandum Opinion and Order denying the Petition also explicitly declined to issue a certificate of appealability. *Id.* After the dismissal of his habeas Petition, Petitioner filed

a separate motion requesting a certificate of appealability with respect to the denial of his ineffective assistance of counsel and insufficient evidence claims. (D.I. 44) That motion was denied. (D.I. 49) Petitioner appealed the denial of his habeas Petition, and the Third Circuit Court of Appeals refused to grant a certificate of appealability and dismissed the appeal. (D.I. 48)

Presently pending before the Court is Petitioner's Rule 60(b)(6) Motion to Reconsider the 2017 Refusal to Issue a Certificate of Appealability. (D.I. 50)

## II. STANDARD OF REVIEW

A motion for reconsideration should be granted to correct manifest errors of law or fact or to present newly discovered evidence. See *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. See *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. See *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

## III. DISCUSSION

In the instant Rule 60(b)(6) Motion, Petitioner argues that Judge Sleet erred in failing to issue a certificate of appealability with respect to the denial of his ineffective

2

assistance and insufficient evidence claims. Since the Rule 60(b)(6) Motion essentially re-asserts the same arguments already considered and rejected in 2017 with respect to the original denial of a certificate of appealability and Petitioner's subsequent appeal, the Motion does not warrant reconsideration of the 2017 refusal to issue a certificate of appealability. In addition, the instant Rule 60(b)(6) Motion does not assert any intervening change in law, the availability of previously unavailable evidence, or a "clear error of law" of the sort that would compel reconsideration of the prior refusal to issue a certificate of appealability. Accordingly, the Court will deny the Rule 60(b)(6) Motion.

IV. **CONCLUSION**

For the reasons set forth above, the Court will deny the instant Rule 60(b)(6) Motion. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

*[signature]*
UNITED STATES DISTRICT JUDGE